**James Lee CRUMMEL, Petitioner–Appellant,**

v.

**Steven CAMBRA, Jr., Director Department of Corrections; Larry D. Smith, Sheriff, Riverside County; Bill Lockyer, Attorney General, State of California, Respondents–Appellees.**

No. 08–56003.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 2, 2009.*

Filed Sept. 8, 2009.

Kathryn Ann Young, FPDCA—Federal Public Defender's Office, Los Angeles, CA, for Petitioner–Appellant.

Alana Rachel Butler, AGCA–Office of the California Attorney General, San Diego, CA, for Respondents–Appellees.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: FERNANDEZ and GOULD, Circuit Judges, and ENGLAND,** District Judge.

## MEMORANDUM ***

James Lee Crummel ("Crummel") was convicted in a California state court of two counts of oral copulation on a person unable to resist due to intoxication. He challenged his state conviction in a federal habeas corpus petition filed in the United States District Court for the Central District of California. The district court denied the petition and Crummel filed a timely appeal. We have jurisdiction pursuant to 28 U.S.C. §§ 1291, 2253, and we affirm.[1]

Crummel's challenge to his state court conviction is subject to the Antiterrorism and Effective Death Penalty Act of 1996, which requires that in order to be granted relief, Crummel must show either that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 386, 403–05, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Our analysis is limited to the law as it was clearly established by Supreme Court precedent "at the time of the state court's decision." *Wiggins v. Smith*, 539 U.S. 510, 520, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003).

Crummel claims that the prosecution violated his constitutional rights under the Ex Post Facto Clause of the United States Constitution. In 1998, Crummel was convicted in San Bernardino County Superior Court for sexual assaults committed in 1988. The statute of limitations in effect at the time of Crummel's 1988 conduct had already expired when charges were initially brought in 1995; but the prosecution relied on a new statute of limitations, passed in 1994, which allowed prosecution of sexual assaults on minors within one year of the minor reporting the crime to police. *See* California Penal Code § 803(g). The California Court of Appeal upheld the conviction, and the California Supreme Court denied Crummel's petition for review in April of 2000.

Crummel relies heavily on the United States Supreme Court's decision in *Stogner v. California*, 539 U.S. 607, 123 S.Ct. 2446, 156 L.Ed.2d 544 (2003), which held that under the Ex Post Facto Clause, the government cannot revive expired criminal prosecution limitations periods by retroactively extending the statute of limitations. *Id.* at 632–33, 123 S.Ct. 2446. Crummel argues that although *Stogner* was decided years after the California courts' rulings, the case merely reaffirmed what was already clearly established federal law before the Supreme Court rendered its opinion in *Stogner*.

The majority in *Stogner* determined, over a four-judge dissent, that reviving the expired criminal limitations period in that case was unconstitutional, but explicitly stated that the Court "ha[d] not previously spoken decisively on this matter." *Id.* at 620, 123 S.Ct. 2446. The majority addressed conflicting precedents and con-

---

** The Honorable Morrison C. England, Jr., United States District Judge for the Eastern District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.

cluded that none of the prior cases controlled the outcome in *Stogner. Id.* at 620–21, 123 S.Ct. 2446. Thus, even the *Stogner* majority acknowledged that there was no clearly established Supreme Court rule that controlled the issue.

Crummel also relies heavily on the *Stogner* majority's argument that lower courts and commentators have nearly unanimously agreed that the Ex Post Facto Clause forbids reviving time-barred prosecutions. *Id.* at 630, 123 S.Ct. 2446. However, AEDPA explicitly limits habeas relief to state court rulings that are contrary to rulings of the United States Supreme Court. *Williams,* 529 U.S. at 403–04, 120 S.Ct. 1495. The dissent in *Stogner* also cited several commentators whose opinions are in line with the dissent's view that reviving expired statutes of limitations does not violate the Ex Post Facto Clause. *Stogner,* 539 U.S. at 639–40, 123 S.Ct. 2446 (Kennedy, J., dissenting). The opinions of lower courts and commentators do not persuade us that the rule announced in *Stogner* was already clearly established by Supreme Court precedent.

As the *Stogner* majority candidly admitted, no prior Supreme Court precedents clearly established a rule against reviving expired criminal prosecutions; and the dissent's analysis shows that a different conclusion was plausible based on prior precedent and the history of the Ex Post Facto Clause. Thus, all nine justices in *Stogner,* both those in the majority and those in the dissent, agreed that no prior Supreme Court precedent clearly barred revival of expired statutes of limitations. We agree. We hold that at the time the California courts affirmed Crummel's conviction, their rulings were neither "contrary to,

[n]or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).[2]

Putting aside the state's alternative argument, which we do not reach, our resolution of this appeal in accord with the state's primary argument may seem at tension with *Stogner* and the principle endorsed in that case by the Supreme Court, though after the California courts ruled in Crummel's case. However, it is a result that is dictated by the language and intendment of AEDPA, as it has been interpreted by the United States Supreme Court.

The district court's dismissal of Crummel's habeas petition was correct under the law.

AFFIRMED.

---

**2.** Because we hold that Crummel's California conviction must be upheld even if it would be considered unconstitutional after *Stogner,* we need not reach the state's alternative argu-

ment that the California statute of limitations, section 803(g), was a constitutionally permissible "extension" rather than a "revival" of the limitations period.